IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Michael Vidal Ramirez**<br>*Plaintiff*<br>*v.*<br>**Pfizer, Inc.**<br>**Carlton National Resources, Inc.**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:24-cv-1073<br>**TITLE VII (EMPLOYMENT)**<br>**CIVIL RIGHTS ACT OF 1964**<br>• TITLE VII (Race/National Origin)<br>• ADEA (age)<br>• Retaliation<br>Demand for Jury Trial |

## COMPLAINT

### INTRODUCTION

1. Plaintiff *Michael Vidal Ramirez* ("Plaintiff"), brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the Age Discrimination in Employment Act to remedy acts of employment discrimination and retaliation perpetrated against him by defendants. The plaintiff contends that acts of age and race/national origin discrimination against him by defendants Pfizer, Inc. and Carlton National Resources, Inc. (Hereinafter "Defendants") led to his wrongful/retaliatory termination of employment. Plaintiff's immediate Supervisor subjected the plaintiff to disparate treatment because of his *age* and because of his *race/national origin*, while under protected age group and similarly situated female employees were treated more favorably and kept their employment.

2. Plaintiff asserts defendants selectively discriminated against him in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and Commonwealth of Puerto Rico's Antidiscrimination Laws. At all relevant times plaintiff was employed by defendants through a *joint employer relationship*. Pfizer, Inc. supervisor had *complete and total control of plaintiff's work environment*: Including work location, work materials, employee training, employee manuals, evaluation, and work procedures. At Pfizer, Inc. the plaintiff received work paychecks, underwent performance evaluations, and received his training. Defendants failed to treat the plaintiff in a non-discriminatory manner, and plaintiff's

unlawful termination of employment was carried out by his non-Hispanic Supervisor, who kept employees outside of his protected age group and race/national origin, in the workplace. Defendants had a need for his services and continued to hire employees after plaintiff's unjustified termination of employment, he was unlawfully removed by defendants and replaced with other employees outside of his protected age group.

3. Plaintiff respectfully asks this Court to find defendant's conduct in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 et seq.), the Age Discrimination in Employment Act and Puerto Rico Commonwealth's laws, and to award the relief requested below.

4. Defendants are jointly and severely liable for violating plaintiff's rights under Federal and Puerto Rico law, because of discrimination based on his *age* and *race/national origin*. Plaintiff seeks reinstatement, back pay and benefits, compensatory, punitive damages, and his attorney fees.

## JURISDICTION

5. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and this Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

6. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3. The plaintiff is a resident of the Commonwealth of Puerto Rico.

7. Prior to filing this lawsuit, plaintiff filed a timely written charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), where he notified both defendants and

charged them with discrimination based on *age* and *race/national origin*. The charges placed defendants on notice of his claims under Federal employment discrimination statutes. He received the Notice of Right to Sue.

## PARTIES

9. Plaintiff Michael Vidal Ramirez ("Plaintiff") is a citizen of Caguas, Puerto Rico and at all relevant times was employed by defendants. At all times relevant to this suit, he was assigned to work at Pfizer, Inc's facility and worked under direct supervision of defendants. He resides in the judicial District of Puerto Rico. Plaintiff's mailing address is La Estancia 108, Via Platanal, Caguas PR 00727, with telephone number is (787) 220-8700.

10. Defendant *Pfizer, Inc.* is a *for-profit* corporation, with its principal place of business at 4285 N. Wesleyan Blvd, Rocky Mount, NC 27804.

11. Defendant *Carlton National Resources, Inc.* is a *for-profit* corporation, with its principal place of business at 107 Audubon Road, Building #2, Suite 101, Wakefield, Massachusetts 01880.

12. At all relevant times the plaintiff was supervised by defendant Pfizer, Inc. Pfizer, Inc. employed the plaintiff thru *a joint employer relationship* with codefendant Carlton National Resources, Inc. At all relevant times, plaintiff worked under the direct supervision of Pfizer, Inc., who treated him unfavorably because of his age and/or national origin/race, and eventually engaged in his retaliatory/wrongful termination of employment.

13. Codefendants engaged in the wrongful and *retaliatory termination of employment* of the plaintiff, shortly after he *engaged in protected activity* and opposed *unlawful work practices*.

14. Plaintiff reserves de right to amend this Complaint, if necessary, to include other employers' supervisors and entities that could be held vicariously liable for defendants' actions.

15. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated

in and/or directed the unlawful violations alleged herein, or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Pfizer Inc. as a Serialization Validation Engineer/Consultant for approximately five (5) months until his wrongful termination of employment on March 23, 2023, with a pretextual excuse, explaining the project ran out of budget.

17. During his employment time, plaintiff had no disciplinary or performance issues, and plaintiff always met his employer's objective work expectations. His employer did not follow disciplinary actions, nor had complaints from the Validation Manager related to his work performance.

18. Plaintiff believes his wrongful termination of employment was retaliation for notifying a regulatory compliance issue/deviation during the Serialization Project to the Project Management Team, which required an investigation. The team leaders were reluctant to perform the investigation, which does not follow pharmaceutical site procedures and good manufacturing practices.

19. Plaintiff was also subjected to disparate treatment, as similarly situated employees who were not Hispanic/Latino or from Puerto Rico were treated better and were not terminated.

20. Plaintiff also believes his termination was unlawful because of his age, as his employer substituted him with a person under plaintiff's age of forty and unlawfully excluded him from the workplace because of his protected age (56).

21. Plaintiff was not given any written notice nor warning before March 09, 2023, nor given a work suspension or personal improvement plan. Plaintiff's employer created an hostile work environment, by subjecting plaintiff top his wrongful termination, with a baseless allegation, when on March 09, 2023, he was informed via email by Andrew Mills of his termination of employment, while he was working at Pfizer Inc.

22. A final confirmation of my termination of employment was sent to me via email by Andrew Mills on March 27, 2023. The employer (Pfizer Inc.) discriminated against me because of retaliation reasons, and my age and/Or race/national origin in violation of ADEA and Title VII, respectively.

23. Plaintiff asks for reinstatement, back pay and front pay/compensatory damages.

## CAUSES OF ACTIONS

### COUNT I: DISCRIMINATION BECAUSE OF RACE/NATINAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq.

24. The foregoing paragraphs are realleged and incorporated by reference herein.

25. The defendant's conduct as alleged at length herein constitutes discrimination based on race (Hispanic) *national origin (*Puerto Rico*)* in violation of Title VII. The stated reasons for defendant's conduct were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

26. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo").  It prohibits discrimination by employer based on an employee's *national origin*. 29 L.P.R.A. §146. Specifically, it also prohibits employers from taking adverse action against an employee because of her national origin, with regards to the terms and conditions of her employment, refusing to keep or reincorporate employee into her job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption* against the employer.  In the above referenced case, the plaintiff belonged to a *protected class* of employees, because of her national origin (non-Puerto Rican), was well-qualified for her job, she was forced to work in a hostile environment. Above referenced Act No. 100 exposes all defendants to criminal liability (felony) with a mandatory sentence of incarceration of (3) years.

### COUNT II: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621 et seq.

5

27. The foregoing paragraphs are realleged and incorporated by reference herein.

28. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their age. Plaintiff was fifty-six (56) years of age at the time his employers took adverse employment action and engaged in unlawful age discrimination in the workplace.

29. Other similarly situated employees who were *under* plaintiff's protected age group, were not subject to discriminatory actions, were allowed to continue work and given permanent positions. Defendants' reason for adverse employment action is a pretext to conceal plaintiff's supervisor *animus* to engage in workplace discrimination.

30. Defendants discriminated against the plaintiff on the basis of his *age*.

31. Defendants are jointly and severally liable.

## COUNT III: UNLAWFUL RETALIATION

32. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

33. Defendant's conduct as alleged at length herein constitutes workplace retaliation because plaintiff engaged in activities protected by Title VII and Act 115. Specifically, the plaintiff had complained about his supervisor treating female employees more favorably and reported unlawful employment discrimination.

34. The plaintiff will proffer direct and circumstantial evidence to show that employer's reason for his involuntary separation is *pretext* to hide employer's management retaliatory *animus*.

35. Further, the plaintiff is entitled to *doubling* of his damages pursuant to Puerto Rico Act No. 115, 29 L.P.R.A. §194 et seq., in this particular case it is undisputed that the plaintiff had complained to management about discrimination. Plaintiff's protected activity clearly fits within the scope of Act No. 115, *supra*. This include his *internal* complaint against supervisors.

36. Plaintiff is also entitled to a substantial award of *punitive damages*, as defendants engaged in retaliatory conduct with *malice* or *reckless indifference* to his protected rights.  Title

VII authorizes punitive damages when a plaintiff demonstrates that the defendant engaged in *intentional* discrimination with malice or reckless indifference to the federally protected rights of an aggrieved individual. See *Rodriguez-Torres*, 399 F. 3d at 64 (quoting 42 U.S.C. §1981a (b)(1)). See also *Kolstan v. American Dental Ass'n.*, 527 U.S. 526 [(1999)]

37. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). Engaging in the retaliatory termination of employment of the plaintiff without just cause was meant to dissuade his coworkers.

38. Defendants also failed to follow employee handbook's procedures.

39. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. By allowing a discriminatory work environment towards the plaintiff, employer sought to eliminate the plaintiff. In this case, management choose to selectively exclude the plaintiff from the workplace, shortly after he complained about unlawful work practices, while female employees and under PAG employees were not terminated from employment and were given permanent positions. In addition, the alleged justification for his termination fails to meet the justified standard by the law, which is *repeated* or a *pattern* of employer regulation violations which could demonstrate disregard for company policies, and Courts have upheld that a single event, absent grave consequence, should not trigger termination. Defendant's conduct as alleged at length herein constitutes the wrongful termination of plaintiff's employment. In the absence of a *justifiable cause*, the stated reasons for defendant's conduct were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus* to remove the plaintiff for complaining about unlawful workplace practices.

40. Defendants are jointly and severally liable.

**PRAYER FOR RELIEF**

7

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendants' actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendants from engaging in additional discrimination and retaliation against the Plaintiff.
D. That this Honorable Court award *compensatory and general damages* in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by laws of the United States and the Commonwealth.
E. That this Honorable Court award exemplary and *punitive damages* in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendants' willful, wanton, and malicious acts with conscious disregard and indifference to his rights.
F. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.
G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15th. Day of February 2024.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: *hcobo@hcounsel.com*

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*